**Juan SANCHEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–88–00250–CR.**

Court of Appeals of Texas, San Antonio.

April 12, 1989.

Oscar J. Pena, Sr., Pena, Pena, & Pena, Laredo, for appellant.

Lynn Ellison, Asst. Dist. Atty., Karnes City, for appellee.

Before BUTTS, PEEPLES and BIERY, JJ.

### OPINION

BUTTS, Justice.

This is an appeal from a conviction for aggravated assault on a peace officer. TEX. PENAL CODE ANN. § 22.02(a)(2)(A) (Vernon 1989). The jury recommended a term of three years' imprisonment, with imposition of sentence suspended for ten years, and fine of $5000.00. Although the sentence was probated, the fine was not.

Appellant brings five points of error. He contends the motion for instructed verdict should have been granted because the evidence fails to establish that the officer was threatened with imminent bodily injury. He says the motion should have been granted also because the evidence established as a matter of law that appellant's actions were justified under the theories of necessity, mistake of fact, defense of property and defense of a third person. He further contends the trial court erred by not charging the jury on the lesser included offenses of aggravated assault (third degree felony), simple assault, and hindering apprehension. He says the trial court erred by not instructing the jury on the defenses of mistake of fact, defense of necessity, defense of a third person, and the duty of the officer not to use more force than necessary to effect an arrest. His last assignment is that the trial court erred by not granting his motion to quash the jury panel.

The evidence shows that Deputy Sheriff Joe Canales, who was on patrol in a sheriff's marked automobile came upon Rene Sanchez, appellant's brother, stealing gasoline from a service station on May 10, 1987, about 3:00 a.m. Rene left the station hurriedly in a car after agreeing with Canales to go to the station owner's home to see whether the owner confirmed that Rene could get gas with his permission.

Canales chased Rene, who drove home instead. Canales testified:

Q: And did you have any lights on his (sic) vehicle at that time?

A: Yes, I had a red spotlight.

Q: For what purpose did you use that red spotlight?

A: It's used to advise people that I am a patrol vehicle and they should stop. That is what I use it for, in stopping people.

Canales testified that he had the red light turned on when he had been trying to get Rene to stop. He testified that there was a "safety light" strong enough to be considered a street light located on a light pole on the Sanchez property. In addition, the carport light was on. The two vehicles (Rene's and the sheriff's) were parked at the end of the driveway—the sheriff's in the street. The patrol unit was marked on each side with a star and lettering stating "LaSalle County Sheriff's Department."

The deputy told Rene he was under arrest "for evading, for fleeing." He placed a handcuff on one arm "and at that point he started resisting." Rene was sitting in the car with the door open and the dome light on. Rene pushed the deputy, who pushed back. Rene honked the horn and called his mother to help him. The two were struggling with Rene still in the car.

Rene was "on his back, his feet on the horn," while the officer held him with his knees trying to get the other cuff on. Canales testified:

[T]he next thing I know I felt hands on the back of my body, and I released my hold ... with my right hand and I felt for my holster and my pistol was no longer there.

I looked back and Juan Sanchez (appellant) was holding the pistol in his right hand and he had an aluminum baseball bat in his left hand, and he said for me to get out of there, that "I'm going to kill you."

The officer got out of the vehicle. He said appellant continued to aim the pistol directly at him. Rene ripped the badge off

his shirt and "smashed" his flashlight on a concrete slab. The deputy said he was told he was being kept there until their lawyer arrived.

The evidence shows that Canales wore the full uniform of the sheriff's office, including a gunbelt. The pistol which appellant had was the deputy's Smith and Wesson .357 magnum. The deputy talked with appellant who continued to point the gun at him. The officer explained he was arresting Rene and not beating him. He asked for his gun, glasses, and badge, but was refused them. While appellant continued to point the gun at him, the deputy turned around and started to walk away when Rene grabbed him. Canales asked appellant and his mother to control Rene, which they did, and he left.

The deputy sheriff obtained warrants for appellant and Rene, and with the help of other officers, arrested them. He recovered his pistol, flashlight, and badge. His glasses were still in the car that Rene had been driving, which belonged to a third party. The deputy later recovered his glasses from that car. On cross-examination the officer repeated the words appellant said to him: "If you don't get out of the car, I'm going to kill you." When asked whether he really believed appellant would shoot him, he answered, "Yes, I did."

The deputy denied using his flashlight as a club and striking Rene during their struggle, while he was attempting to arrest him. He affirmed he believed it was against the law to use more force than necessary to effect an arrest. He said, "I believe in that," and he followed that practice "all of the time." He agreed that if a person had walked behind him while he was trying to subdue Rene, he would have had no problem seeing the red spotlight flashing on his patrol car. He said appellant's finger was on the trigger of the gun as he pointed it at the officer.

■ In his first point of error appellant argues the language used by appellant ("If you don't get out of the car, I'm going to kill you.") is not language which conveys the idea of imminent bodily injury, that is,

the alleged victim would not be injured if he simply complied with the instruction. He contends it was a conditional threat, relying on conditional threat cases like *Terence v. State*, 137 Tex.Crim. 322, 128 S.W.2d 1211 (1939) (a threat to an individual is not intended to be executed unless a certain event happens) and cases cited therein. A conditional threat is not considered a crime in Texas. In addition he cites *Brown v. State*, 142 Tex.Crim. 405, 154 S.W.2d 464 (1941) (threat must be seriously made and not merely the outburst of one's temper in heat of passion—a rash, inconsiderate threat will not support a conviction for threatening to take the life of another). These cases are distinguishable in that the statute involved there was threatening to take the life of another. In the present case appellant was indicted for aggravated assault on a peace officer, a different statute.

Here the State must prove that the appellant knew or had been informed that he was assaulting a peace officer; proof that he also knew the officer was lawfully discharging an official duty is unnecessary. *Salazar v. State*, 643 S.W.2d 953, 956 (Tex. Crim.App.1983). Moreover, a conviction under TEX.PENAL CODE ANN. § 22.02(a)(2) does not depend on whether the arrest was legal, or on the defendant's belief about its legality. *Id.* at 956.

The indictment required the State to prove that appellant threatened the peace officer with a deadly weapon, while the peace officer was in lawful discharge of his duty, and that the appellant knew (or had been informed) that the person assaulted was a peace officer.

The jury is the judge of the facts, the credibility of the witnesses, and the weight to be given to the testimony. The jury may believe some witnesses and refuse to believe others, and it may accept portions of the testimony of a witness and reject other portions. *Bowden v. State*, 628 S.W. 2d 782, 784 (Tex.Crim.App.1982).

Viewing the evidence presented in the light most favorable to the verdict, we hold the trier of fact could find beyond a reasonable doubt the elements of the offense

charged. The jury heard testimony on the use of the firearm, a deadly weapon per se, pointed directly at the officer until the officer left the scene. It could find that action constituted a threat of imminent bodily injury with a deadly weapon. Instructed on the statutory presumption of knowledge of the peace officer's status, the jury found the presumption was not rebutted by the appellant's statement that he did not know this was a peace officer when the jury had before it evidence of the lighting, the red light flashing from the patrol car, the sheriff's uniform, and the marked patrol unit. In addition, the jury could find that when appellant saw the officer's badge ripped off and when he was told about Rene's arrest, he still continued to point the gun directly at the officer and that he continued to refuse to return the gun to the officer.

Moreover, under the present aggravated assault statute and the instant indictment, whether or not a threat made verbally to the peace officer was a conditional threat would not be relevant. Even if a defendant says nothing to an officer, proof of threatening the officer with a deadly weapon constitutes an offense. The first point of error is overruled.

In point of error two appellant claims he was justified in his actions since the evidence established as a matter of law the justification of necessity, defense of a third person, the defensive use of force when an officer uses excessive force to effect an arrest, and the defense of mistake of fact.

Appellant's only argument regarding "necessity" under TEX. PENAL CODE ANN. § 9.22 (Vernon 1974) is the statement that the statute "authorizes the use of force to avoid imminent harm." There are no record references, nor are we told how this statute is applicable in this case. *See* TEX.R.APP.P. 74. We hold that the conduct of appellant has not been shown to be justified according to the provisions of § 9.22 as a matter of law.

■ As to the claim of defense of a third person (appellant's brother Rene), appellant denied that he came out to help his brother. "I went to see what was happening ... I wasn't going to help him out, I ... just wanted to see what was happening there.... If he got into trouble he could get out by himself because he has been in trouble before." Moreover, appellant denied that he ever pointed the pistol at the officer; he said he had the baseball bat pointed at him. Thus, he denied threatening the deputy with a deadly weapon, thereby denying he committed the offense charged.

Since appellant specifically disclaimed he was defending a third person, and we are cited to no other record reference to show otherwise, we hold that the evidence fails to establish as a matter of law defense of a third person. The same ruling applies as to defense of property, TEX. PENAL CODE ANN. § 9.41 (Vernon 1974). Appellant testified, "I just wanted to see what was happening." There is no argument presented in this particular point of error on mistake of fact, TEX. PENAL CODE ANN. § 8.02 (Vernon 1974). Point of error two is overruled.

■ Appellant argues the trial court erred by not charging the jury on the lesser included offenses of aggravated assault (third degree felony), simple assault, and hindering apprehension. TEX. CODE CRIM.PROC.ANN. art. 36.15 (Vernon Supp.1989). Article 36.15 of the Texas Code of Criminal Procedure provides in part:

Before the court reads his charge to the jury, counsel on both sides shall have reasonable time to present written instructions and ask that they be given to the jury. The requirement that the instructions be in writing is complied with if the instructions are dictated to the court reporter in the presence of the court and the state's counsel ... The defendant may, by special requested instruction, call the trial court's attention to error in the charge, as well as omissions therefrom, and no other exception or objection to the court's charge shall be necessary to preserve any error reflected by any special requested instruction which the trial court refuses.

\* \* \* \* \* \*

The record before this court contains no written specially requested instructions. Therefore, we must look to article 36.14, which simply requires objections to omissions in the jury charge to preserve error. The record does reflect a brief discussion between counsel and the court regarding the jury charge. Defense counsel objected to the omission from the jury charge of instructions on necessity, mistake of fact, use of excessive force, and the right to use force in defense of a third party. It was also requested that in the definition of deadly weapon the court instruct the jury that even if a deadly weapon is used merely to threaten somebody, then that is not a deadly weapon. But there was no argument to the trial court explaining the application of the defensive theories to the facts in this case nor are we shown how they apply. Mistake of fact would not be applicable under the facts of this case since appellant denied committing the offense. *See* TEX. PENAL CODE ANN. § 8.02 (Vernon 1974). We agree with the trial court that the defenses were not raised by evidence.

Merely because a lesser offense is included within the proof of the offense charged does not mean that a charge on the lesser offense is required; the charge will be required only if there is evidence which shows that if the defendant is guilty, he is guilty only of the lesser offense. *Broussard v. State*, 642 S.W.2d 171, 173 (Tex. Crim.App.1982); TEX. CODE CRIM.PROC. ANN. art. 37.09 (Vernon 1981). We hold the evidence fails to reflect that if appellant was guilty, he was guilty only of one of the named other offenses. The trial court correctly refused to instruct the jury on those lesser offenses. Points of error three and four are overruled.

■ During voir dire of the jury panel a prospective juror stated that she knew the appellant but they were not friends. Defense counsel asked her if she would have "any leanings toward him in his favor or any bias in his favor?" She answered:

RAMIREZ: Well, I know of the case he had once.

DEFENSE COUNSEL: I'm talking about him.

RAMIREZ: About him, it was a case before.

DEFENSE COUNSEL: Your honor, we will move for a mistrial.

Away from the jury's hearing defense counsel moved to quash the jury panel. The court noted that the answer was not a clear statement. The motion for mistrial was overruled, and the court (on the State's suggestion) offered to instruct the jury "if you want me to." Defense counsel declined the instruction. The prospective juror was excused on challenge. Appellant contends the trial court erred by not granting his motion to quash the jury panel. It is argued he was denied his right to a fair and impartial trial because this was information presented before the jury panel "which has a tendency to prejudice the jury against [the appellant]."

The conduct of voir dire examination rests within the sound discretion of the trial court, and only abuse of such discretion will call for reversal on appeal. *Clark v. State*, 608 S.W.2d 667, 669 (Tex.Crim. App.1980) (citations omitted). In the present case the juror was immediately excused. The statement did not specify what the "case" was about or whether it was a civil case or a criminal one. It did not state any outcome. The response of the prospective juror was to questions by the defense. *Cf. Mills v. State*, 626 S.W.2d 583, 585 (Tex.App.—Amarillo 1981, pet. ref'd).

The burden is on a defendant to show abuse of discretion by the trial court in denying the motion to quash a jury panel because of possible prejudice to a defendant. There is nothing in the record to show that any of the other prospective jurors were influenced to appellant's prejudice. None of the remaining panel was questioned concerning whether the statement was heard or its meaning to anyone who might have heard it. The statement was an ambiguous one, subject to several interpretations. Appellant has not demonstrated that he was harmed or prejudiced by the statement.

■ We believe the better practice in this situation is, as suggested by the Court of Criminal Appeals in *Mendoza v. State*, 552 S.W.2d 444, 446–47 (Tex.Crim.App. 1977), to move first to have the jury instructed to disregard the statement, and then move to quash the jury panel if not satisfied with the instruction. The fifth point of error is overruled.

The judgment is affirmed.