**Dennis Ray SULLIVAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–98–428 CR.**

Court of Appeals of Texas, Beaumont.

Submitted June 9, 1999.

Decided Aug. 11, 1999.

Tom Brown, Livingston, for appellant.

---

**2.** Exposure to a known video camera would be a different question.

John S. Holleman, Dist. Atty., William Lee Hon, Asst. Dist. Atty., Livingston, for State.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

RONALD L. WALKER, Chief Justice.

A jury found Dennis Ray Sullivan guilty of murder. The trial court assessed punishment at forty years of confinement in the Texas Department of Criminal Justice, Institutional Division. Sullivan raises three issues.

■ Issue one contends, "The trial court erred in denying Appellant's motion for a mistrial when a member of the jury panel expressed derogatory opinions of Appellant during voir dire." A venireperson named Crook asked, "If we discover we know the defendant, if we know he or she is a hot-head capable of doing things that nobody else in the place knows but I personally know them, should I disqualify myself before it starts?" He then quipped his name, Crook, was a "good name for this trial." Defense counsel moved for mistrial without first objecting. On appeal, Sullivan concedes he failed to preserve error by objecting. Tex.R.App. P. 33.1. Sullivan argues the remark was so prejudicial that the trial court erred in failing to grant his motion for mistrial.

This case is similar to *Sanchez v. State*, 769 S.W.2d 348, 352–53 (Tex.App.—San Antonio 1989, no pet.), where during jury selection a venireperson stated she knew the defendant but they were not friends, and when asked if she were biased stated she knew "of the case he had once." Sanchez moved for mistrial without first objecting to the comment. The *Sanchez* court noted, "The conduct of voir dire examination rests within the sound discretion of the trial court, and only abuse of such discretion will call for reversal on appeal." *Id.(citing Clark v. State*, 608 S.W.2d 667, 669 (Tex.Crim.App.1980)). The court rea-

soned, "[T]he better practice in this situation is . . . to move first to have the jury instructed to disregard the statement, and then move to quash the jury panel if not satisfied with the instruction." *Id.*(citing *Mendoza v. State*, 552 S.W.2d 444, 446–47 (Tex.Crim.App.1977)). In holding an objection was required, *Cuellar v. State*, 943 S.W.2d 487, 489–90 (Tex.App.—Corpus Christi 1996, pet. ref'd), reasoned an instruction to disregard would have cured the venireperson's comment that if the defendant was "the gang member in McAllen," she knew the victim. In this case, the remark, unsolicited by the prosecution, could have been cured by an instruction to disregard had Sullivan requested one. Issue one is overruled.

■ Issue two contends, "The trial court erred in compelling Appellant to appear before the jury panel for voir dire wearing the T-shirt designated as Defendant's Exhibit No. 1." Sullivan did not have appropriate attire at the time scheduled for the start of the trial. Defense counsel informed the court that an appropriate shirt had been sent for and would arrive in about 45 minutes. When jury selection started more that 45 minutes later, trial counsel objected to proceeding in the t-shirt, which depicts a scantily clad female on a motorcycle. The trial court overruled the objection and proceeded with jury selection. The new shirt did not arrive for another 10 minutes.

Sullivan relies upon two cases in which the accused was compelled to appear before the jury in jail clothing: *Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976) and *Randle v. State*, 826 S.W.2d 943 (Tex.Crim.App.1992). This case bears far more similarity to two cases in which the court held the defendant was not deprived of due process. In *Johnson v. State*, 838 S.W.2d 906, 909 (Tex.App.—Corpus Christi 1992, pet. ref'd), the defendant declined the trial court's offer to let him wear the jogging outfit in which he had been arrested, electing instead to wear jail clothing. Refer-

ring to the jogging suit, the Court of Appeals reasoned, "Unlike the jail clothing, this apparel does not imply or suggest that appellant is guilty. Thus, the concerns of *Estelle* and *Randle* are not raised. To hold otherwise would require us to entertain the notion that the Due Process Clause or [Texas Code of Criminal Procedure] art. 2.03(b) provide a defendant the right to appear before the jury in clothes of his choice, and perhaps of a particular style. We decline to do so." *Id.* In *Bryant v. State*, 982 S.W.2d 46, 48 (Tex.App.—Houston [1st Dist.] 1998, pet. ref'd), the court held that the appellant's appearing in the same dress for two days of trial did not infringe upon the presumption of innocence by suggesting to the jury that she was in custody. We hold the trial court did not deprive Sullivan of due process by proceeding with jury selection while Sullivan was wearing the t-shirt. Issue two is overruled.

■ Issue three maintains, "The trial court abused its discretion in allowing a child not on the State's witness list to testify." The standard of review stated by the Court of Criminal Appeals provides:

[U]pon request by the defense, notice of the State's witnesses should be given. *Young v. State*, 547 S.W.2d 23, 27 (Tex. Cr.App.1977). If a witness whose name is not on a witness list furnished the defendant is permitted to testify, the standard of review is whether the trial court abused its discretion in allowing such witness to testify. *Bridge v. State*, 726 S.W.2d 558, 566 (Tex.Cr.App.1986). Among the factors which will be considered by this Court in determining whether there has been an abuse of discretion is a showing of bad faith on the part of the prosecutor in failing to disclose ahead of time the name of the witness. Another such factor is whether the defendant can reasonably anticipate that the witness would testify, although his or her name was not included within the witness list. *Hightower v. State*, 629 S.W.2d 920, 925 (Tex.Cr.App.1981).

*Stoker v. State*, 788 S.W.2d 1, 15 (Tex. Crim.App.1989).

Two minor brothers, named Raymond and Richard, were eyewitnesses to the murder. The prosecutor listed Richard twice, inadvertently omitting Raymond from the State's witness list. Sullivan concedes the prosecutor did not act in bad faith.

In support of his argument that the defense could have reasonably anticipated Raymond would testify, the prosecutor informed the trial court that defense counsel had reviewed the State's file, that the State's file included Raymond's witness statement and an offense report which mentioned Raymond. Although he objected to Raymond's testifying because his name had been omitted from the witness list, defense counsel did not deny the prosecutor's representation that defense counsel had actual knowledge that Raymond was a potential witness. On appeal, Sullivan relies upon *Buchanan v. State*, 911 S.W.2d 11 (Tex.Crim.App.1995), to support his argument that the State should not be permitted to rely upon its open file policy to show Sullivan should have anticipated Raymond would testify. *Buchanan* involved notice of the State's intention to introduce evidence of extraneous offenses pursuant to Rule 404(b). *Id.* at 15; TEX.R. EVID. 404(b). The Court of Criminal Appeals reasoned that the State did not give notice of its intent to introduce such evidence by merely opening its file to the defense. *Id.* The issue in this case is not whether the State gave notice of its intent to introduce Raymond's testimony, but whether Sullivan should have reasonably anticipated Raymond would testify despite his name's not appearing on the witness list. In *Rainey v. State*, 949 S.W.2d 537, 544 (Tex.App.—Austin 1997, pet. ref'd), the Court of Appeals held the defendant may not have been able to anticipate reputation witnesses offered in punishment because those witnesses were not otherwise involved in the prosecution. Unlike a witness who provides evidence extraneous to

the offense for which the defendant is being tried, or a reputation witness offered in punishment but not otherwise connected to the offense, Raymond was an eyewitness to the offense for which Sullivan was on trial. The presence of Raymond's witness statement and the offense report in the State's file support a conclusion that defense counsel should have anticipated Raymond would testify. There is no evidence that defense counsel was surprised by the witness or in fact did not anticipate he would be called as a witness. We hold the trial court did not abuse its discretion in permitting Raymond to testify. Issue three is overruled. The judgment of the trial court is affirmed.

AFFIRMED.