Affirmed and Memorandum Opinion filed January 20, 2004














Affirmed and
Memorandum Opinion filed January 20, 2004.

 

 

In The

 

Fourteenth
Court of Appeals

_______________

 

NOS. 14-03-00145-CR
&

      14-03-00146-CR

_______________

 

LUIS GONZALEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

____________________________________________________

 

On Appeal from the 184th District Court

Harris County, Texas

Trial Court Cause Nos. 936,483 and 936,484

____________________________________________________

 

M E M O R A N D U M   O P I N I O N

            A
jury found appellant, Luis Gonzalez, guilty of two counts of murder.  In four issues, he contends (1) he should
have been charged with evading arrest rather than felony murder under the
doctrine of pari materia; (2)
the trial court erred in failing to grant a mistrial in response to comments
from a prospective juror; and (3) his due process rights under the United
States and Texas Constitutions were violated when the trial court denied his
motion to admit the written statement of an unavailable witness.  Because all dispositive
issues are clearly settled in law, we issue this memorandum opinion and
affirm.  See Tex. R. App. P. 47.4.




Facts

            On December 24, 2001, two
Harris County Sheriff’s deputies in separate vehicles went to a gas station to
get some coffee.  They saw a truck parked
by the side of the building in an area not used by the public.  Appellant was sitting in the driver’s seat,
and his girlfriend was sitting next to him. 
The truck’s motor was running, and the passenger door was open.  Suspicious that a robbery or theft might be
in progress, the deputies parked their cars behind the truck.  Randall Dixon then ran out of the gas station
with five cartons of cigarettes he had just stolen and got in the truck.  Appellant began to drive away before Dixon was
completely in the truck.  The deputies
activated their emergency lights and sirens, but appellant did not stop.

            The
deputies followed appellant for ten minutes covering a distance of twelve miles
on a highway and through residential areas. 
During the pursuit, appellant drove through several red lights, and
drove over the posted speed limits, causing many other drivers to take evasive
action to avoid appellant.  Eventually,
appellant accelerated through an intersection against a red light and collided
with a car traveling through the intersection with a green light.  The two brothers inside the car were both
killed in the collision.  Appellant ran
from the scene, but was caught and handcuffed after a brief struggle.  At trial, appellant claimed he fled from the
deputies because he had been afraid Dixon might hurt
him.

Pari Materia

            In
his first issue, appellant claims he was prosecuted under the wrong
statute.  Under the doctrine of pari materia, two
statutes with a similar purpose must be harmonized if possible.  Burke
v. State, 28 S.W.3d 545, 546–47 (Tex. Crim. App.
2000) (citing Mills v. State, 722
S.W.2d 411, 413–14 (Tex. Crim. App. 1986).  If the two cannot be harmonized, a defendant
should be charged under the more specific statute, unless it appears the intent
of the legislature was to make the general act controlling.  Id.  Pari materia only applies if the statutes were enacted with
the same purpose in mind, with the intent that they be construed together.  Id. at 547, 549.

            Appellant
was convicted of the first degree offense of felony murder.  See Tex. Pen. Code Ann.
§ 19.02 (b)(3) (Vernon 2003).  He claims he should have been prosecuted for
the second degree felony offense of evading arrest.  See
Tex. Pen. Code Ann. § 38.04 (Vernon 2003).  This offense is committed when a person
intentionally flees from a person he knows is a peace officer attempting
lawfully to arrest or detain him, and another suffers death as a direct result
of an attempt by the officer from whom the actor is fleeing to apprehend the
actor while the actor is in flight.  Tex. Pen. Code Ann.
§ 38.04 (b)(3). 
The evading arrest statute provides that “[a] person who is subject to
prosecution under both this section and another law may be prosecuted under
either or both this section and the other law.” 
Tex. Pen.
Code Ann. § 38.04.  Therefore, the legislature clearly did not
intend for the evading arrest statute to be construed together with any other
statute, including the felony murder statute. 
Because the statutes were not intended to be construed together, they are
not in pari materia. 
Burke, 28
S.W.3d at 549.  Therefore, the
State had discretion as to which offense it would prosecute.  Id.  Appellant’s first issue is overruled.

Prospective Juror Statement

            In
his second issue, appellant claims the trial court erred in failing to grant
his request for a mistrial and quash the jury panel in response to comments
made by a prospective juror.  During voir dire by the trial court, several prospective jurors
indicated they had already formed an opinion that appellant was guilty.  The trial court then informed the jury about
the presumption of innocence and asked if anyone could still not presume
appellant innocent.  One venire member
raised her hand and the following exchange occurred:

VENIREPERSON: All you have
to do is research some of this stuff. 
You have read the indictment.  I’m
affiliated with attorneys, so I’m totally –

THE COURT: Well, if you’re
affiliated with attorneys, do you not believe in the system?

VENIREPERSON: I believe in
the system, but I also believe in what–I’m also a former–retired prison
guard.  Okay.

THE COURT: And what does
that mean?

VENIREPERSON: That means
that I see too many people walk on crimes and–no.  I have researched it enough.  That’s why.

THE COURT: Researched what,
ma’am?

VENIREPERSON: The
information that was available, and there is a lot available.

THE COURT: You have already
done research on this case?

VENIREPERSON: I research a
lot of cases because I am involved with the lawyers.

THE COURT: And so, how did
you do your research?

VENIREPERSON: I got on the
internet, newspaper articles, your court.  I have access to the court cases, to a
certain amount of information.  

THE COURT: And what is–and
you specifically researched this case and read confidential police reports?

VENIREPERSON: No, no.  I did not read what’s confidential.  Obviously, you have that answer.  So, let’s don’t kid each other.  I’m just saying the information I saw was
somewhat backed up by a lot of documented information, not all hearsay, et
cetera.  So– 

THE COURT: And can you tell
me where you researched this case?

VENIREPERSON: Most of this
information is available obviously through newspaper, through publications,
information on the Internet.   

 








            After
the conversation between the trial court and the venire member, appellant
requested a bench conference.[1]  He requested a mistrial and that the entire
jury panel be stricken because the venireperson’s
comments were prejudicial.  The trial
court denied both requests.  Both
appellant and the State agreed that the venireperson
should be stricken, and the trial court instructed her not to raise her hand or
answer any other voir dire questions.  The trial court asked if any other venire
member could not give appellant the presumption of innocence, and no one
indicated they could not.  

            We
review a trial court’s denial of a motion to quash a jury panel and motion for
mistrial under an abuse of discretion standard. 
Mendoza v. State, 552 S.W.2d 444, 447 (Tex. Crim. App. 1977). 
After a defendant’s motion to quash a jury panel because of alleged
prejudicial remarks has been denied, a defendant must prove the following to
show harm:  (1) other venire members
heard the remarks; (2) the venire members who heard the remarks were influenced
by them to the prejudice of the defendant; and (3) the juror in question or another
juror with a similar opinion was forced upon the defendant.  Calkins
v. State, 780 S.W.2d 176, 188 (Tex. Crim. App.
1986) (citing Johnson v. State, 205
S.W.2d 773, 774–75 (Tex. Crim. App. 1947)).  Appellant has not identified any other juror
who had a similar opinion about his guilt, and nothing in the record indicates
any other prospective jurors were influenced by the comments.  See
Sanchez v. State, 769 S.W.2d 348, 352 (Tex.
App.—San Antonio 1989, no pet.). 
Appellant, therefore, has failed to demonstrate that he suffered any
harm.  We also recognize, as the State
points out, that a request for an instruction to disregard before moving to
quash the venire is the preferred practice in this situation.  See
Sanchez v. State, 769 S.W.2d 348, 353 (Tex. App.—San
Antonio 1989, no pet.) (citing Mendoza, 552
S.W.2d at 446–47).  We find the trial
court did not abuse its discretion and overrule appellant’s second issue.

Statement of Unavailable Witness  

            In
his third and fourth issues, appellant contends his due process rights under
the United States and Texas Constitutions were violated when the trial court
denied his request to admit the written statement of his girlfriend, Christial Backstrom, who was
present in the truck at the time of the offense, but unavailable as a witness
at trial.  In a statement to police, she
claimed that during the police chase, Dixon grabbed
her by the hair and throat, threatened to kill her, and instructed appellant on
how to get away from the police. 
Appellant argues Backstrom’s statement was
crucial to prove his defense of duress. 
The trial court refused to admit the statement based on the State’s
objection that the statement was hearsay. 


Appellant does not claim the
statement falls under an exception to the rule against hearsay, but he relies
on Chambers v. Mississippi, 410 U.S.
284 (1973) to support his assertion that the testimony should have been
admitted.  In Chambers, the Court found that a defendant’s right to due process
was violated by the exclusion of hearsay statements that should have been
admitted because they bore “persuasive assurances of trustworthiness.”  Id. at 302; see Valle
v. State, 109 S.W.3d 500, 506 (Tex. Crim. App.
2003).  In this case, however, the
hearsay statement did not bear such assurances. 
See Valle, 109
S.W.3d at 506.  Appellant
testified at trial that he could not recall if Dixon had
threatened Backstrom, and he did not make any claim
that Dixon had been assaultive toward Backstrom.  The deputies who were following the truck did
not see anyone inside fighting. 
Therefore, the exclusion of the statement does not amount to a denial of
due process.  We overrule appellant’s
third and fourth issues.

            Accordingly,
the judgment of the trial court is affirmed.

 

 

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed January 20, 2004.

Panel
consists of Chief Justice Hedges and Justices Anderson and Seymore.

Do
Not Publish — Tex. R.
App. P. 47.2(b).

 

 











            [1]  The State contends appellant has waived this issue
because he did not make a timely objection to the venireperson’s
comments.  However, as the State
concedes, the comments are unclear as to whether the venire member researched
this case, and what specific information that research involved.  The conversation appears to be an attempt by
the trial court to clarify the venireperson’s
knowledge of the case.  Because appellant
objected at a time when the trial court could do something about any
prejudicial comments, he has not waived this issue.  See Lankston v. State, 827 S.W.2d 907,
908–09 (Tex. Crim. App. 1992).