NO. 07-05-0288-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 23, 2006
_____

DAVID ALLEN VIGIL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;

NO. 3569; HONORABLE RON ENNS, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, David Allen Vigil, appeals from a judgment of conviction for the offense of robbery and sentence of 20 years in the Institutional Division of the Texas Department of Criminal Justice. Overruling appellant's issues, we affirm.

Factual and Procedural Background

On December 11, 2003, an Allsup's convenience store in Dumas, Texas was robbed. Two attendants were at the store at the time of the robbery. The robber ordered

one of the attendants, Geovany Ortega, to lay on the floor. The robber then took the money from both cash registers, while holding a black-colored pistol on the other attendant, Leslie Vance.[1] After getting the money, the robber ordered Vance to the floor and advised both attendants that a man outside would shoot them if they got up from the floor. Later, when the police arrive, Vance was able to provide a description of the robber. During the subsequent investigation of the robbery, the police were unable to recover the pistol used in the robbery.

Prior to trial, appellant filed a motion for a list of State's witnesses. The trial court granted the motion and ordered the State to furnish appellant a subpoena list of witnesses the State intended to call at trial. At trial, appellant objected to each witness called by the State contending that the State had not furnished the witness list as ordered.

By four issues, appellant contends that the trial court erred by (1) allowing witnesses to testify after the State failed to comply with the court's pretrial ruling to furnish a list of proposed witnesses; (2) allowing into evidence a "similar" handgun as a demonstrative exhibit; (3) refusing appellant's requested charge on the lesser included offense of theft; and (4) cumulating appellant's sentence.

## Witness Lists

The State is required to give notice of its intended witnesses when requested. Martinez v. State, 867 S.W.2d 30, 39 (Tex.Crim.App. 1993). The standard of review for

---

[1]The complaining witness' name at the time of trial was Leslie Martin, however, she is referred to throughout appellant's and the State's briefs as Leslie Vance.

the decision of the trial court to allow non-identified witnesses to testify is abuse of discretion. See Nobles v. State, 843 S.W.2d 503, 514 (Tex.Crim.App. 1992). In reviewing the decision to allow the witnesses to testify, the reviewing court considers a number of factors including bad faith on the part of the prosecutors in failing to disclose the name of the witnesses ahead of time and whether the defendant could reasonably anticipate the witnesses would testify. Id. at 514-15.

The record before us shows that the State filed on February 28, 2005, a request for subpoenas with the District Clerk for all witnesses that subsequently testified. When the first trial setting did not result in a trial, the State filed an identical request on May 3, 2005. Initially, the State takes the position that the request for subpoenas was the same as providing a witness list to appellant. However, the State cites no authority for this proposition. The record clearly shows that a witness list was not provided to the appellant. However, appellant does not direct us to anything in the record that shows the State's failure to produce a list of witnesses was due to any bad faith on part of the State's attorneys. Id. at 514. Likewise, appellant never claims, nor does the record show, that the State's failure to list the witnesses resulted in surprise or an inability to reasonably anticipate that the witnesses would testify. Id.

In fact, a review of the record shows that counsel for appellant had open access to the entire State's file before trial. Counsel for appellant agreed with that proposition during the hearing on the objection to the witnesses' testimony. During the same hearing, counsel for appellant likewise agreed he had seen the State's list of subpoenaed witnesses several times prior to the trial date. In fact, counsel stated to the Court, "Had they run off – taken

3

time to run off another copy of their subpoena list and given it to me, I don't think I could be standing here saying this, but they didn't even go to that trouble." When questioned about claims of undue surprise, counsel for appellant stated, "That's not my objection." Finally, at no point after the trial court overruled his objection did appellant request a continuance to interview or otherwise question the witness. Barnes v. State, 876 S.W.2d 316, 328 (Tex.Crim.App. 1994). Considering all of the facts, we conclude that the ruling of the trial court was not an abuse of discretion.[2]

As appellant has failed to show that the State acted in bad faith or that he was unduly surprised by the State's witnesses, we overrule his first issue.

Introduction of Handgun

Appellant next contends that the trial court erred when it allowed the introduction of a handgun that was similar to the handgun allegedly used in the robbery. Appellant was indicted for the offense of aggravated robbery, pursuant to section 29.03 of the Texas Penal Code, which provides, "(a) A person commits an offense [of aggravated robbery] if he commits robbery as defined in Section 29.02, and he: . . . (2) uses or exhibits a deadly weapon;. . . ."[3] TEX. PEN. CODE ANN. § 29.03 (Vernon 2005).

---

[2] Appellant cites the court to Buchanan v. State, 911 S.W.2d 11 (Tex.Crim.App 1995) contending that the failure to give notice of intent to call a witness is reversible error, if that witness subsequently testifies. However, Buchanan is a Texas Rule of Evidence 404(b) case and as such the notice of intent to use evidence is part of the statutory scheme. Such is not the case in the trial court's allowance of non-listed witnesses to testify. See Sullivan v. State, 997 S.W.2d 374, 376 (Tex.App.–Beaumont 1999, pet ref'd).

[3] Further reference to the provisions of the Texas Penal Code will be by reference to "§ __."

Section 29.02 provides that:

(a) A person commits an offense [of robbery] if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he:

> (1) intentionally, knowingly, or recklessly causes bodily injury to another; or

> (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

§ 29.02. The State alleged, in its indictment, that appellant

> while in the course of committing theft of property and with intent to obtain or maintain control of said property, [did] intentionally or knowingly threaten or place LESLIE VANCE in fear of imminent bodily injury or death, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a firearm. . . .

A firearm is "per se" a deadly weapon for purposes of aggravated robbery. Young v. State, 806 S.W.2d 340, 343 n.1 (Tex.App.–Austin 1991, pet. ref'd). It is clear from a review of the statutes that the only difference between robbery and aggravated robbery, as alleged in the indictment, is the use or exhibition of a firearm. Compare § 29.03 with § 29.02. After hearing the evidence and arguments of counsel, the jury returned a verdict of guilty as to the lesser included offense of robbery. The effect of the verdict was the rejection of the State's proof on the issue of the use or exhibition of a firearm. Therefore, even if we assume, *arguendo*, that the admission of the handgun as demonstrative evidence was error, there is no reasonable possibility that the demonstrative exhibit contributed to the conviction or affected the punishment assessed. Johnson v. State, 660 S.W.2d 536, 538 (Tex.Crim.App. 1983). The jury so found by its verdict. Appellant's second issue is overruled.

5

Lesser Included Offense – Theft

Appellant next contends that the trial court erred when it failed to charge the jury on the lesser included offense of theft. Initially, we note that theft is a lesser included offense of robbery. See Campbell v. State, 571 S.W.2d 161, 162 (Tex.Crim.App. 1978). However, the fact that theft is a lesser included offense is only the first step in the analysis to determine if a lesser included charge is required. Additionally, there must be some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser included offense. Lofton v. State, 45 S.W.3d 649, 651 (Tex.Crim.App. 2001). When a defendant either presents evidence that he committed no offense or presents no evidence and there is no evidence otherwise showing that he is guilty only of a lesser included offense, then a charge on a lesser included offense is not required. Id. at 652.

In the case before this court, the State alleged that appellant placed Leslie Vance in fear of imminent bodily injury or death.[4] Therefore, the State was required to prove that the victim's fear was reasonable under the circumstances. Welch v. State, 880 S.W.2d 225, 227 (Tex.App.–Austin 1994, no pet.) To meet this burden, the State offered the testimony of Leslie Vance and the affidavit of Geovany Ortega, the two attendants present during the robbery. Each attendant told of being forced to lie down on the floor and of being threatened by appellant. From this record the question becomes whether there is any evidence that would permit a jury to rationally find that the appellant did not

---

[4] The jury having discounted the deadly weapon by its verdict.

intentionally or knowingly commit an act that placed the victims in reasonable fear of imminent bodily injury. Lofton, 45 S.W.3d at 651. It is not enough that the jury may disbelieve some evidence pertaining to the greater offense, rather there must be some evidence directly germane to a lesser included offense for the factfinder to consider before an instruction on a lesser included offense is warranted. Cantu v. State, 939 S.W.2d 627, 646 (Tex.Crim.App. 1997).

From the record before us there is no evidence that appellant, if guilty, was guilty only of the lesser included offense of theft. Accordingly, appellant's third issue is overruled.

Cumulative Sentences

Appellant's last contention is that the trial court erred in cumulating his sentence with another conviction. Appellant's sole contention is that he was given no notice of the State's intent to request the court to cumulate the sentences and was, therefore, denied due process. The applicable statute provides that the decision to cumulate sentences for a defendant with multiple convictions is in the discretion of the trial court. TEX. CODE CRIM. PROC. ANN. art. 42.08 (Vernon Supp. 2005). The statute makes no provision for notice to either the State or the appellant of the intent of the trial court to cumulate the sentences. Additionally, the Texas Court of Criminal Appeals has answered appellant's assertion, finding that the statute is constitutional and that article 42.08 does not deprive appellant of due process. Hammond v. State, 465 S.W.2d 748, 752 (Tex.Crim.App. 1971).

7

Appellant has cited this court to no competent authority. Accordingly, the fourth issue is overruled.

## Conclusion

Having overruled appellant's four issues, the trial court's judgment is affirmed.

Mackey K. Hancock
Justice

Do not publish.