

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00028-CR

Matthew **ROSE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Wilson County, Texas
Trial Court No. CRW1910200
Honorable Lynn Ellison, Judge Presiding

Opinion by:    Liza A. Rodriguez, Justice

Sitting:    Irene Rios, Justice
Liza A. Rodriguez, Justice
Sandee Bryan Marion, Chief Justice (Ret.)[1]

Delivered and Filed: July 26, 2023

AFFIRMED

Matthew Rose was convicted of two counts of aggravated sexual assault of a child and two counts of indecency with a child by contact. In one issue, Rose argues the trial court abused its discretion in denying his motion for mistrial. We affirm.

### BACKGROUND

Rose was charged by indictment with two counts of aggravated sexual assault of a child and two counts of indecency with a child by contact. The charged offenses involved two separate

---

[1]Sitting by assignment pursuant to Section 74.003(b) of the Texas Government Code

complainants. The case proceeded to trial before a jury. During jury selection, in response to individual questioning by the prosecutor, Prospective Juror Number 29 ("Juror No. 29") stated that he was employed as an investigator with Child Protective Services ("CPS"). Juror No. 29 further stated that he knew the assistant district attorney and some of the witnesses who would be testifying in the case. When defense counsel questioned Juror No. 29 in front of the other prospective jurors the following took place:

> Defense Counsel: [Y]ou had raised your card to the question of whether you felt this was not the case for you due to some issue. Why did you raise your card to that?
>
> Juror No. 29: Just some conflict of interest kind of thing. Like, we have a small unit, and I know I've heard Mr. Rose's name in our office a couple of —
>
> Trial Court: Come forward, please.

At the bench and away from the other prospective jurors, the trial court and defense counsel engaged in further questioning of Juror No. 29.[2] When the follow-up questioning was over, defense counsel asked the trial court to instruct the prospective jurors to disregard any statements made by Juror No. 29.[3] The trial court granted the request and gave the following instruction to the prospective jurors:

> Ladies and gentlemen of the jury, each of you and, as a panel, all of you are instructed to disregard and not to consider for any purpose during the entirety of this proceeding any statements made by [Juror No. 29].

Thereafter, defense counsel moved for a mistrial "based on the fact that the jury panel has been poisoned by [Juror No. 29's] statement" that he had heard Rose's name in the CPS office a couple of times. The trial court denied the motion for mistrial.

---

[2]In his brief, Rose indicates that the follow-up questioning was conducted in front of the other prospective jurors, but the reporter's record shows it occurred at the bench before the trial court, the prosecutor, and defense counsel only.

[3]Defense counsel also challenged Juror No. 29 for cause and the record indicates the challenge was granted.

After the jury was selected, Rose pled guilty to each of the charged offenses. Punishment was tried to the jury. During the punishment trial, both complainants testified about the offenses. The jury assessed punishment at life in prison for each of the aggravated sexual assault of a child offenses, and twenty years in prison for each of the indecency with a child by contact offenses. Nothing in the record indicates the jury failed to follow the trial court's instruction to disregard Juror No. 29's comment.

## DISCUSSION

In his sole issue, Rose argues the trial court abused its discretion by denying his motion for mistrial because Juror No. 29's comment was so emotionally inflammatory that an instruction to disregard could not cure its prejudice.

We review a court's denial of a motion for mistrial for an abuse of discretion. *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007). A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement. *Id*. "A mistrial is the trial court's remedy for improper conduct that is so prejudicial that expenditure of further time and expense would be wasteful and futile." *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Id*. "The trial court is required to grant a motion for a mistrial only when the improper [conduct] is clearly prejudicial to the defendant and is of such character as to suggest the impossibility of withdrawing the impression produced on the minds of the jurors." *Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003). "Instructions to the jury are generally considered sufficient to cure improprieties that occur during trial." *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009). Courts "generally presume that a jury will follow the judge's instructions." *Id*. "Ordinarily, a prompt instruction to disregard will cure error associated with an improper question and answer, even one regarding extraneous offenses." *Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000).

Here, we must determine if the trial court's instruction to disregard cured the prejudice, if any, stemming from Juror No. 29's comment. We find *Young v. State*, 137 S.W.3d 65 (Tex. Crim. App. 2004), instructive. In *Young*, the defendant was convicted of aggravated sexual assault of a child and sentenced to 75 years in prison. *Id*. at 67. During voir dire, a prospective juror who had worked with children for decades commented in front of the other prospective jurors that children were truthful about sexual assault allegations, and she had never had a situation where a child was found to be untruthful. *Id*. at 67-68. Defense counsel moved for a mistrial, which the trial court denied. *Id*. at 68. The Texas Court of Criminal Appeals held that the trial court did not abuse its discretion by denying the motion for mistrial because an instruction to disregard would have cured any prejudice caused by the prospective juror's comments. *Id*. at 72.

Also instructive is *Sanchez v. State*, 769 S.W.2d 348 (Tex. App.—San Antonio 1989, no pet.). During voir dire, a venireperson made statements that she knew about the defendant's prior "case." *Id*. at 352. The venireperson was excused. *Id*. The trial court offered to instruct the venire to disregard the statements, but the defendant declined the instruction. *Id*. The defendant moved for a mistrial, which the trial court denied. *Id*. On appeal, we held that the denial of the defendant's motion for mistrial was not an abuse of discretion. *Id*. We reasoned that the venireperson's "statement did not specify what the 'case' was about or whether it was a civil case or a criminal one" and "it did not state any outcome." *Id*. We emphasized that "[t]he statement was an ambiguous one, subject to several interpretations" and that nothing in the record showed that any of the other venirepersons were influenced to the defendant's prejudice. *Id*.

In this case, Juror No. 29 stated in front of the venire that he was a CPS investigator and that he had heard Rose's name in the office a couple of times. Rose claims the comment was prejudicial and incurable by instruction because it referred to an extraneous offense. We disagree. The comment was vague. It did not reveal the context in which Rose's name was mentioned, nor

did it connect Rose to any offense, misconduct, or allegation. *See id*. (holding the trial court did not abuse its discretion in denying motion for mistrial based on venireperson's ambiguous statements about the defendant's prior "case"). But even if the comment could be characterized as referring to an extraneous offense committed by Rose, it is well-established that a prompt instruction to disregard will usually cure any prejudice resulting from the improper admission of extraneous offense evidence. *See Sandoval v. State*, 665 S.W.3d 496, 529 (Tex. Crim. App. 2022) ("[G]enerally, such an instruction will cure prejudice from a witness's inadvertent reference to an extraneous offense."); *Ovalle*, 13 S.W.3d at 783-84; *Abdnor v. State*, 871 S.W.2d 726, 738 (Tex. Crim. App. 1994).

We conclude that any prejudice from Juror No. 29's comment was not so emotionally inflammatory that it could not be cured by an instruction to disregard. *See Young*, 137 S.W.3d at 71 (holding prospective juror's comment that she had never known a child to be untruthful about a sexual assault allegation could have been cured by an instruction to disregard); *Towery v. State*, 262 S.W.3d 586, 598-99 (Tex. App.—Texarkana 2008, pet. ref'd) (holding it was within the zone of reasonable disagreement that the trial court's instruction to disregard cured any prejudice arising from venireperson's "general, political statement" about racial bias). Because any prejudice arising from Juror No. 29's comment was cured by the instruction to disregard, the trial court did not abuse its discretion in denying the motion for mistrial. *See Gamboa*, 296 S.W.3d at 581 (holding trial court did not abuse its discretion in denying a motion for mistrial regarding extraneous offense evidence elicited during guilt phase when the trial court instructed the jury to disregard it); *Young*, 137 S.W.3d at 71 (holding trial court did not abuse its discretion in denying motion for mistrial when prejudice could have been cured by instruction to disregard); *Towery*, 262 S.W.3d at 599 (holding trial court did not abuse its discretion in denying motion for mistrial when any prejudice was cured by instruction to disregard). We overrule Rose's sole issue.

## CONCLUSION

The trial court's judgments are affirmed.

Liza A. Rodriguez, Justice

DO NOT PUBLISH