

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-01009-CR

Mark Anthony **MASCILLI**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2022CR8025
Honorable Christine Del Prado, Judge Presiding

Opinion by:    Adrian A. Spears II, Justice

Sitting:       Rebeca C. Martinez, Chief Justice
               Adrian A. Spears II, Justice
               H. Todd McCray, Justice

Delivered and Filed: March 26, 2025

AFFIRMED

In two issues, Mark Anthony Mascilli appeals from three judgments convicting him, upon a jury's verdict, of three counts of aggravated sexual assault of a child. We affirm.

**MOTION TO QUASH JURY PANEL**

In his first issue, Mascilli contends the trial court abused its discretion by denying his motion to quash the jury panel.

During voir dire, the prosecutor asked the jury panel members if any of them knew someone who had been accused of or convicted of child sexual abuse, or if any of them knew someone who had been falsely accused of child sexual abuse. She then asked the jury panel members who responded affirmatively if they would be able to set aside their own experiences and sit as a fair and impartial juror in this case. Thereafter, the prosecutor asked, "Of those who raised their placards, is there anyone here, same question as we asked before, who because of that experience, it was such a profound experience, who has such strong feelings about it, who cannot set those feelings aside and be a fair and impartial juror?" In response, Prospective Juror No. 1 remarked, "Just personally I would want to jump across the table and whoop the defendant's ass, but that's just me." Mascilli did not immediately object to the remark, move to disregard the remark, or move to quash the jury panel.[1] Instead, Mascilli allowed the voir dire to continue. Later, Mascilli told the trial court that because of Prospective Juror No. 1's remark "the jury now has been tainted," and he moved to quash the entire jury panel. The trial court denied the motion to quash.

A complaint is timely if it is made as soon as the ground of objection becomes apparent. *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011). The State argues, and we agree, Mascilli did not properly preserve this complaint for appellate review because his motion to quash was untimely. *See Wheatfall v. State*, 882 S.W.2d 829, 833 (Tex. Crim. App. 1994) (holding objection to questioning of veniremember was untimely because an "objection must be made at the earliest possible opportunity."). Instead of objecting as soon as the remark was made, Mascilli allowed the voir dire to continue for forty pages before moving to quash the jury panel. Because

---

[1]We have noted the best practice in this situation is first to move to have the jury panel instructed to disregard the statement and then to move to quash the jury panel if not satisfied with the instruction. *Sanchez*, 769 S.W.2d at 353 (citing *Mendoza*, 552 S.W.2d at 446-47).

Mascilli failed to properly preserve this complaint by making a timely objection in the trial court, the complaint is waived, and we need not address it. *See id.*

But even if this complaint had been properly preserved, we would overrule it. We review a trial court's denial of a motion to quash a jury panel for an abuse of discretion. *Mendoza v. State*, 552 S.W.2d 444, 447 (Tex. Crim. App. 1977). "The burden is on a defendant to show abuse of discretion by the trial court in denying the motion to quash a jury panel because of possible prejudice to a defendant." *Sanchez v. State*, 769 S.W.2d 348, 352 (Tex. App.—San Antonio 1989, no pet.). To demonstrate an abuse of discretion, the appellant must show (1) other members of the jury panel heard the remark, (2) the jurors who heard the remark were influenced by it to the defendant's prejudice, and (3) the juror who made the remark or another juror who had a similar opinion served on the jury. *Callins v. State*, 780 S.W.2d 176, 188 (Tex. Crim. App. 1986).

Here, Mascilli has not made the required showing. *See Callins*, 780 S.W.2d at 188; *Sanchez*, 769 S.W.2d at 352. The record shows that Prospective Juror No. 1 was excused and did not serve on the jury. While the record shows the court reporter and one of the prosecutors heard the remark, it also shows the trial court did not hear it. Thus, the record does not show that any other members of the jury panel did in fact hear the remark. Additionally, the record does not show that any other members of the jury panel were influenced by the remark. Finally, the record does not show that other jurors with a similar opinion ultimately served on the jury. On this record, the trial court's denial of the motion to quash the jury panel was not an abuse of discretion. *See Callins*, 780 S.W.2d at 188; *Sanchez*, 769 S.W.2d at 352. We overrule Mascilli's first issue.

## BRADY CLAIMS

In his second issue, Mascilli contends the State violated its obligations under *Brady v. Maryland* by suppressing evidence favorable to him.

"[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). "To establish a due process violation under *Brady*, a defendant must show that (1) the State failed to disclose evidence; (2) the evidence withheld was favorable to the defendant; and (3) the evidence is material, meaning there is a reasonable probability that, had the evidence been disclosed, the outcome of the trial would have been different." *Kolb v. State*, 523 S.W.3d 211, 220 (Tex. Crim. App. 2017). "Favorable evidence is any evidence that, if disclosed and used effectively, may make a difference between conviction and acquittal and includes both exculpatory and impeachment evidence." *Harm v. State*, 183 S.W.3d 403, 408 (Tex. Crim. App. 2006). "When evaluating whether the materiality standard is satisfied, the strength of the exculpatory evidence is balanced against the evidence supporting conviction." *Pena*, 353 S.W.3d at 812. "*Brady* claims are typically raised in a motion for new trial." *Jackson v. State*, 495 S.W.3d 398, 420 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd), *cert. denied*, 583 U.S. 879 (2017).

On appeal, Mascilli contends the prosecution suppressed (1) certain medical information about the complainant, and (2) certain information about the complainant's mother. The clerk's record contains a document entitled, "Discovery Index and Acknowledgement of Compliance with Texas Code of Criminal Procedure, Article 39.14," which provides a detailed list of the discovery received from the State. The document was signed by both Mascilli and his trial counsel the day before trial. Additionally, the reporter's record shows that the day before trial Mascilli told the trial court that he had "received all of the evidence that he was entitled to receive under Article 39[.]14" of the Code of Criminal Procedure, which requires production of "any exculpatory, impeachment, or mitigating document, item, or information in the possession, custody, or control of the [S]tate."

*See* TEX. CODE CRIM. PROC. Art. 39.14(h). Notably, the clerk's record does not contain a motion for new trial raising a *Brady* claim, and the reporter's record contains no hearing on a motion for new trial.

In his briefing, Mascilli does not direct us to the place in the record where he raised this complaint in the trial court. The State argues this complaint is not preserved for appellate review because Mascilli never raised it in the trial court. *See* TEX. R. APP. P. 33.1(a) (stating to preserve error for appeal record must show complaint was made to trial court and trial court ruled on complaint or refused to rule); *Pena*, 353 S.W.3d at 809 ("Overall, the record of the motion for new trial hearing reflects that the *Brady* issue was preserved for appeal."); *Keeter v. State*, 175 S.W.3d 756, 761 (Tex. Crim. App. 2005) (holding appellant was required to preserve his "particular *Brady* claim for appellate review" and failed to do so); *Jones v. State*, 234 S.W.3d 151, 158 (Tex. App.— San Antonio 2007, no pet.) (recognizing *Brady* claims are subject to error preservation rules). Because Mascilli did not preserve his *Brady* complaint in the trial court as required, the complaint is waived, and we need not address it on appeal. *See* TEX. R. APP. P. 33.1(a); *Pena*, 353 S.W.3d at 808; *Keeter*, 175 S.W.3d at 761; *Jones*, 234 S.W.3d at 158.

But even if Mascilli had properly preserved this complaint for appellate review, we would overrule it. To determine if Mascilli established the three elements of a valid *Brady* claim, we must review the allegedly suppressed evidence. *See*, e.g., *Flores v. State*, 940 S.W.2d 189, 190-92 (Tex. App.—San Antonio 1996, no pet.) (analyzing allegedly suppressed evidence to determine if the defendant established the three elements of a valid *Brady* claim). In his briefing, Mascilli does not direct us to the place in the record containing the allegedly suppressed evidence. Because the allegedly suppressed evidence is not included in the record, we are unable to determine if Mascilli established the three elements of a valid *Brady* claim. *See Pena*, 353 S.W.3d at 811-15 (discussing

contents of suppressed audiotape in analyzing *Brady* elements); *Flores*, 940 S.W.2d at 190-92 (discussing contents of suppressed witness statements in analyzing *Brady* elements). We overrule Mascilli's second issue.

### REMAINING COMPLAINTS

Rule 38.1 of the Texas Rules of Appellate Procedure requires an appellant's brief to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *See* TEX. R. APP. P. 38.1(i). When a party's argument consists only of conclusory statements without proper citation to appropriate authorities or when a party's argument lacks substantive analysis, the party has inadequately briefed the case, and he presents nothing for appellate review. *See Mosley v. State*, 666 S.W.3d 670, 679 (Tex. Crim. App. 2023); *Russeau v. State*, 171 S.W.3d 871, 881 (Tex. Crim. App. 2005); *McIntosh v. State*, 307 S.W.3d 360, 365 (Tex. App.—San Antonio 2009, pet. ref'd).

At the end of his second issue, Mascilli makes four stand-alone statements. First, he states that the sitting District Attorney, Joe Gonzalez, who had represented him in separate matter in the past, waited too long to recuse himself as the prosecutor in his case. Second, he states that Gonzalez and the trial judge had prior knowledge of this case and had a clear conflict of interest. Third, he states that the Criminal District Attorney pro tem who prosecuted the case in the trial court deprived him of a fair trial when she "brought up" a prior case in which Mascilli had pled guilty. Finally, he states the government's case-in-chief relied extensively on evidence provided by Officer Lozano. Because this part of Mascilli's brief consists of mere conclusory statements without citation to appropriate legal authorities[2] and lacks any substantive analysis, we conclude

---

[2] The only case cited in this section of Mascilli's brief is *Williams v. Pennsylvania*, 579 U.S. 1, 14 (2016) (holding Due Process Clause was violated when the former prosecutor, who had a direct, personal role in prosecuting the defendant's case in the trial court, became a state supreme court justice and did not recuse from the defendant's case on appeal). Unlike *Williams*, Mascilli's conviction is not being reviewed on appeal by the former district attorney who

- 6 -

it is inadequately briefed and presents nothing for our review. *See* TEX. R. APP. P. 38.1(i); *Mosley*,

666 S.W.3d at 679; *Russeau*, 171 S.W.3d at 881; *McIntosh*, 307 S.W.3d at 365.

## CONCLUSION

The trial court's judgments are affirmed.

Adrian A. Spears II, Justice

DO NOT PUBLISH

---

prosecuted his case in the trial court. Therefore, the only case Mascilli cites in this part of his brief is wholly inapplicable.