ROSCOE JOHNSON V. THE STATE.

No. 23802. Delivered November 19, 1947.

No attorney of record on appeal for appellant.

*Ernest S. Goens,* State's Attorney of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the state penitentiary for a term of ten years.

The State's evidence shows a willful, deliberate and unprovoked killing. Appellant's testimony raised the issue of self-defense based on apparent danger.

The court, in his charge to the jury, instructed them on the law of murder with and without malice, self-defense, and suspension of sentence. No objections were urged against the charge, however, he did request a special charge seeking to limit the testimony sought to be elicited from his character witnesses on cross examination by the State. It appears from the record that appellant introduced three witnesses who testified to his good reputation as a law abiding citizen. Thereupon, the State,

on cross-examination, inquired of them if they had heard that the defendant had been arrested and charged in the county court with the offense of unlawfully carrying a pistol, and if they had not heard that he had been charged with an assault to murder, and with being drunk in a public place. To all of said questions, the witnesses replied in the negative. This procedure was permissible to test the knowledge of the witnesses on the subject about which they testified in chief, and to test their sincerity, in order that the jury may determine what weight and credit to give to their testimony. See Hart v. State, 139 Tex. Cr. R. 650 (141 S. W. (2d) 648); and Stewart v. State, 188 S. W. (2d) 167.

However, the court did, at appellant's request, give a special charge which in substance reads as follows: "You are further instructed that the questions asked the defendant's character witnesses about him being arrested and charged with misdemeanors in Justice Courts and County Court and about him having a complaint filed against him in the Justice Court charging him with the commission of a felony is no evidence of defendant's guilt of such misdemeanors or felonies, and inasmuch as said questions propounded to said witnesses and the answers thereto do not establish defendant's guilt of any crime inquired about, I, therefore, instruct you that you are not to consider said questions and answers thereto as any evidence against the defendant, or as evidence of the truth of the matters inquired about, but you will only consider said questions and answers thereto, if you consider the same, for the sole purpose of affecting the weight of the testimony of such character witnesses, J. S. Cordella, Hura Gadson and Rex Pope." This was all that he was entitled to.

His next complaint relates to the court's action in declining to sustain his motion to restrict and confine the State in the introduction of evidence to the witnesses whose names appear on the back of the indictment. This complaint seems to be without merit. It is true that Art. 392, Ver. Ann. C. C. P. provides that the attorney representing the State shall indorse on the indictment the names of witnesses upon whose testimony the same was found. This is merely directory and was held to be so by this Court in the case of Walker v. State, 19 Tex. App. 176; Kramer v. State, 34 Tex. Cr. R. 84 (29 S. W. 157); Luster v. State, 63 Tex. Cr. R. 541. If appellant believed that all the names of the witnesses which the State was likely to use were not indorsed on the indictment, he should have filed a motion requesting the court to direct the attorney for the State

to either indorse the names of such witnesses thereon or furnish him with a list thereof, but such he did not do. Consequently, no error is shown. See Holmes v. State, 70 Tex. Cr. R. 214; Raleigh v. State, 74 Tex. Cr. R. 484; Shaddix v. State, 90 Tex. Cr. R. 431.

Appellant next contends that the court erred in declining to sustain his motion to discharge the entire jury panel because State's counsel on voir dire examination of one of the prospective jurors, to-wit, Harold L. Cook, ascertained from said juror that he was prejudiced against the administration of the criminal laws in the State of Texas, which he, the juror, thought would prevent him from being a fair and impartial juror. Whereupon, counsel for the State invited defendant's counsel to hear what the prospective juror had said and suggested to counsel for defendant to question the juror relative thereto if he desired so to do. Defendant's counsel then inquired of the prospective juror why he had such prejudice to which the juror replied that there was too much killing going on; that if some were stuck perhaps they would leave their guns at home. When this statement was made appellant moved the court to discharge the entire panel. This the court declined to do and he excepted. It occurs to us that there is no error shown by the court's ruling because, (a) it is not made to appear that any of the other members of the jury panel heard the remark, (b) that if they did hear it, they were influenced thereby to the prejudice of appellant, (c) that the juror in question nor any other juror who may have had a similar opinion was forced upon appellant. In the absence of which no injury to him is shown.

All other matters complained of have been examined and found to be without merit.

Therefore, the judgment of the trial court is affirmed.

Opinion approved by the Court.