**Thomas Edwin NEEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–82–00193–CR.**

Court of Appeals of Texas,
Dallas.

Sept. 26, 1983.

* The panel at the original submission of this case consisted of Justices Akin, Whitham and Malo-

Frank G. Pearce, Garland, for appellant.

Henry Wade, Dist. Atty., Deborah E. Farris, Asst. Dist. Atty., for appellee.

Before AKIN, WHITHAM and SHUMPERT *, JJ.

WHITHAM, Justice.

On rehearing and on the court's own motion the State's motion for rehearing is granted and our former opinion is withdrawn. Following resubmission the following opinion is substituted as the opinion of the court.

ney.

Appellant appeals from a conviction by the jury for driving a motor vehicle while intoxicated. The court assessed punishment at two years confinement in the Dallas County jail and a $50.00 fine. In his sole ground of error appellant contends that "the trial court committed reversible error in the excusing of a venire person sua sponte since said juror was not absolutely disqualified from serving on the jury." We agree. Consequently, we reverse and remand.

During jury selection the prosecutor asked a potential juror if he could be fair and impartial and he replied he could not. At bench conference the potential juror again stated he could not be fair and impartial. The trial judge, in his qualification to the bill of exception, then tells us:

Neither the State of Texas nor the Defendant submitted juror number eight, Kenneth Leiter. The Court excused the juror on its own motion since the juror stated that he had worked with the District Attorney's office and the Police Department and had followed "driving while intoxicated" cases through the Courts and consequently could not be fair to the Defendant. The Court then asked the Defense counsel if he was going to submit the juror and the Defense Counsel stated that he was not. At that time the Court submitted the juror. The State of Texas did not submit the juror.

 The rule is well settled that a trial judge should not on his own motion excuse a prospective juror for cause unless he is absolutely disqualified from serving on a jury. *Martinez v. State,* 621 S.W.2d 797, 798 (Tex.Cr.App.1981) (*en banc*), (citing *Sanne v. State,* 609 S.W.2d 762, 770 (Tex.Cr. App.1980) (*en banc*); *Bodde v. State,* 568 S.W.2d 344, 349 (Tex.Cr.App.1978), *cert. de-*

nied, 440 U.S. 968, 99 S.Ct. 1520, 59 L.Ed.2d 784 (1979); *Moore v. State,* 542 S.W.2d 664 (Tex.Cr.App.1976), *cert. denied,* 431 U.S. 949, 97 S.Ct. 2666, 53 L.Ed.2d 266 (1977); *Pearce v. State,* 513 S.W.2d 539 (Tex.Cr. App.1974); and *Henriksen v. State,* 500 S.W.2d 491 (Tex.Cr.App.1973)); *Ernster v. State,* 165 Tex.Cr.R. 422, 308 S.W.2d 33 (1957). Tex.Code Crim.Proc.Ann. art. 35.19 (Vernon Supp. 1982–1983), addressing absolute disqualification, provides that: "No juror shall be impaneled when it appears that he is subject to the second, third or fourth cause of challenge in Article 35.16, though both parties may consent."[1] Lack of fairness and impartiality is not listed as one of the causes of challenge under which a potential juror is absolutely disqualified. Furthermore, there was no evidence in the bill that the juror was subject to absolute disqualification under the second, third or fourth causes of challenge as set out in Tex.Code Crim.Proc.Ann. art. 35.16. We conclude that the trial judge erred in excusing the juror on his own motion. Next, we consider whether the error was harmful.

A test derived to show harm for the erroneous exclusion of a qualified juror is set forth in *Payton v. State,* 572 S.W.2d 677, 680 (Tex.Cr.App.1978):

Harm may be shown in the erroneous exclusion of a qualified juror by showing the State exhausted its peremptory challenges.

*See also, Martinez v. State,* 621 S.W.2d at 799. In the present case the prosecutor testified that the State used all of its peremptory challenges against other jurors. We therefore conclude that harm has been shown and that appellant, as he argues in his brief, "should be allowed to determine which jurors to submit for cause in his behalf and be allowed to make his own determination as to the import of the jur-

1. The second, third and fourth causes of challenge contained in Tex.Code Crim.Proc.Ann. art. 35.16 (Vernon Supp. 1982–1983) are:

2. That he has been convicted of theft or any felony;

3. That he is under indictment or other legal accusation for theft or any felony;

4. That he is insane or has such defect in the organs of feeling or hearing, or such

bodily or mental defect or disease as to render him unfit for jury service, or that he is legally blind and either the court or the state in its discretion or the defendant or the prospective juror in his discretion is not satisfied that he is fit for jury service in that particular case.

or's statements." Accordingly, we sustain appellant's sole ground of error.

Reversed and remanded.

AKIN, Justice, dissenting.

I cannot agree that the trial judge erred in excusing the venireman sua sponte for cause. In my view, the trial judge has a duty to see that both the defendant and the State receive a fair trial. Obviously, in this case the excused venireman could not have been fair to the defendant since he had worked with both the District Attorney and the Dallas Police Department investigating driving-while-intoxicated cases. Consequently, I would hold that no abuse or discretion is shown and that the appellant has failed to show that he was denied a fair trial and thus harmed. Accordingly, I dissent.

None of the cases cited by the majority for its holding that the sua sponte dismissal or the veniremen for cause was error concerns the factual situation here. Thus, I do not consider them controlling. Here the venireman was favorable to the State and stated that he could not be fair to the defendant. Certainly, the State would not have peremptorily struck the venireman because he supported the State's position. Likewise, if the defendant's counsel had submitted this venireman for cause, the majority would not have held that the trial judge erred in sustaining the challenge.

At this point, I must note that the majority misreads the record when they state:

Moreover, the record also shows that the State considered the potential juror to be adverse to the State. The record shows that the State did not want the potential juror on the jury. In the prosecutor's own words in the bill of exception: "I told the Court that I would submit him for cause at that point." The prosecutor never tells us why he would submit the potential juror for cause. The prosecutor, however, was never given the opportunity to do so for the trial court excused the juror on the trial court's own motion and we have no way of knowing whether the trial court would have granted the

State's submission for cause. Therefore, we conclude that the trial court's action benefited the State in that it gave the State an extra peremptory challenge."

With respect to this matter the record shows, and I quote the entire record:

## PROCEEDINGS

\* \* \* \* \* \*

(WHEREUPON, THE PROSPECTIVE JURY PANEL WAS SEATED IN THE COURTROOM AND VOIR DIRED BY THE STATE OF TEXAS AND THE DEFENSE, AND THE PROSPECTIVE JURY PANEL WAS RECESSED TO ALLOW THE ATTORNEYS ON EITHER SIDE TO STRIKE THEIR LISTS, AND THE FOLLOWING PROCEEDINGS WERE HAD IN OPEN COURT IN THE PRESENCE AND HEARING OF THE DEFENDANT AND ALL COUNSEL.)

PRE–TRIAL MOTION

MR. PEARCE: Comes now the Defendant, Thomas Edwin Neel, and objects to the impanelment of the jury for the following reasons in that the Honorable Court excused one of the jurors who stated that he could not be fair in the case although the juror had not been submitted by either attorney, and further, the Defendant objects to the jury hearing the case at this point since the judge had no authority to do so, excuse the jury.

Judge, I would like to have the State's jury list for appeal purposes. I'd like to have it marked to show that they used all their pre-emptory challenges. I would like to use—Mr. Mitchell, did you use all your challenges? Can I ask him that question?

THE COURT: Go out and tell that juror to come in.

MR. PEARCE: Did you use all your pre-emptory challenges, Mr. District Attorney?

MR. MITCHELL: Yes, I did.

MR. PEARCE: Do you have any objections, Judge, if I make that a part of the

record for appeal purposes as Defendant's Exhibit Number 1?

MR. MITCHELL: I'll object, Your Honor. It's got personal notes of mine on here that I don't want to put, necessarily, on the record.

THE COURT: Mr. Mitchell, will you recite, for the record, for the purpose of this bill, your recollection of what happened because you asked the question that got the juror disqualified?

MR. MITCHELL: Yes, sir, to relate to the Court, I asked the juror if he could be fair and impartial in the case toward the State and the Defendant, and he said, no, he could not. We, then, approached the bench. We, up there, once again talked to him and he said he could not be fair and impartial and explained his reasons why he could not. At that time, I passed the juror to defense counsel, *and there were some discussions with the Court with regard to this juror not being qualified to sit. The Court said he was going to have to excuse the juror for cause. The defense counsel related some items with regard to whether the Court could do so, and the Court said it was going to go ahead and do it. I told the Court that I would submit him for cause at that point.* [emphasis added]

MR. PEARCE: May I qualify that, Your Honor? At this point we're talking, Thomas Neel's attorney now talking, he's saying that Juror Number 8, Kenneth Leiter, L-e-i-t-e-r, stated at the bench conversations that he had worked with the District Attorneys Office and with the Police Department, and consequently, he could not be fair. I, then, asked him which side he could not be fair to. I was—at that point the Judge said it did not matter, that somebody ought to submit the juror. Neither one of us submitted him and the Judge, at that point, said, "I will submit him on my own motion," and he left.

THE COURT: Put him in the record. What were some of the things he said for not being fair?

MR. MITCHELL: That he had actually worked with the police department in working up cases of this nature, that he had seen arrests on the street with regard to DWI's, and he had followed them through the prosecution through all the way through to the end.

THE COURT: That was his basis for saying he couldn't be fair?

MR. MITCHELL: Yes, sir.

THE COURT: But the man did state unequivocally that he couldn't be fair?

MR. MITCHELL: Unequivocally. I asked that question twice, Judge.

THE COURT: All right. Why didn't you make a motion to have the man stricken?

MR. PEARCE: *Because it was favorable to him.*

MR. MITCHELL: Judge, at that point, I was going to allow him to ask any questions that he wished.

THE COURT: Put it in the record.

MR. PEARCE: And Judge, can we make a copy, if necessary, of his jury list to carry up on appeal after he marks out his personal notes?

MR. MITCHELL: Judge, I'll testify, and I'll testify who I used my strikes on, and the Court can submit a jury list. I don't care about that. I struck Linda Gabriel, Ethel Lewis, who also goes by the name of Johnny Lewis, and Deidre Ann Hicks.

MR. PEARCE: And Your Honor, the last think I have to say is I object to the impanelment of the jury, and am I sustained or overruled?

THE COURT: Overruled.

MR. PEARCE: Exception.

THE COURT: Neither the State of Texas nor the Defendant submitted juror number eight, Kenneth Leiter. *The Court excused the juror on its own motion since the juror stated that he had worked with the District Attorney's office and the Police Department and had followed "driving while intoxicated" cases through the Courts and consequently could not be fair to the Defendant.* The Court then asked the Defense counsel if he was going to submit the juror

and the Defense Counsel stated that he was not. At that time the Court submitted the juror. The State of Texas did not submit the juror. With this exception, the statement of facts is true and correct.

/s/JUDGE BERLAIND BRASHEAR

—END OF REQUESTED
PROCEEDINGS—

[emphasis added].

Contrary to the majority's characterization of the record that the excused venireman favored the appellant and that the State did not want him on the jury, a reading of the above shows that the juror was unfavorable to the appellant but that since the judge intended to excuse the juror, the prosecutor told the Court that the State would submit the juror for cause. Indeed, this entire record quoted above shows that the trial judge was concerned with but one guiding principle and that was whether the juror could be fair. When the judge was convinced that he could not be fair to appellant, the judge properly excused him.

Because the trial judge has a duty to see that the State and the defendant have a fair and impartial trial under Tex. Const. art. I, § 10, I fail to see how the majority can hold that the trial judge abused his discretion and thus erred in excusing this venireman. See Williams v. State, 145 Tex. Cr.R. 536, 170 S.W.2d 482, 489 (1943). Indeed, had the trial judge not excused this venireman for cause, we would likely hold that the defendant was denied a fair trial because it was before a jury, one of whom was not a fair and impartial juror. See Euziere v. State, 648 S.W.2d 700 (Tex.Cr. App.1983) (en banc).

The majority's holding that this was harmful error, if error at all, is even more extraordinary. How can a defendant complain that the trial judge's action here was error when the trial judge excused for cause a potential juror who was adverse to the defendant? The majority's conclusion makes no sense at all to me. Because the Court of Criminal Appeals has yet to con-

sider whether a defendant can obtain reversal where under the circumstances here the trial judge's action benefited the defendant, I must dissent on logical grounds. Neither has the Court of Criminal Appeals had occasion to consider this question in the light of the mandate of the Texas Constitution with respect to fair trials.