**Leslie REYNOLDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07-83-0267-CR.**

Court of Appeals of Texas, Amarillo.

Jan. 23, 1985.

Brown, Harding, Fargason & Brown, Clifford W. Brown, Lubbock, for appellant.

Jim Bob Darnell, Dist. Atty., Hollis M. Browning, Asst. Dist. Atty., Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

Appellant Leslie Reynolds brings this appeal from his conviction by a jury of the offense of driving while intoxicated and the consequent court-assessed punishment of a $350.00 fine and ten days confinement in the Lubbock County Jail. In his one ground of error, appellant contends the trial court erred during the voir dire examination of the jury panel in refusing to instruct that panel to disregard the assertedly prejudicial comments of a venireman gratuitously made, and in thereafter denying appellant's motion for a mistrial. We disagree with appellant's contention and affirm the conviction.

■ The record reveals the following colloquy as appellant's counsel was questioning panelist French during the jury selection process:

MR. BROWN: Mr. French, would your answers, if I asked you the same questions that I asked Mr. Long there beside you, would your answers be the same?

MR. FRENCH: I am a bit prejudice [sic]. This past Saturday—

MR. BROWN: Excuse me. May I suggest this, it's best we don't go into any details. But are you saying that you are prejudice [sic] concerning the offense of DWI?

MR. FRENCH: I'm afraid so. Yes, sir.

MR. BROWN: Then, Your Honor, I submit the juror's qualifications. We appreciate your candor, Mr. French, because that's the purpose of this part of the trial. I submit the juror's qualifications, Your Honor.

THE COURT: Do you have any questions?

MS. McELROY: Whatever happened last Saturday, do you feel like you could set that experience aside and come into the courtroom and listen to the facts as given to you?

MR. FRENCH: No, ma'am. I was almost involved in an accident evading someone who had been drinking and turned out in front of me.

MS. McELROY: I have no objections, Judge.

THE COURT: I want to thank you for your candor, sir. That's what this is all about.

(THE JUROR WAS EXCUSED)

MR. BROWN: Your Honor, may we approach the bench, please?

THE COURT: Yes

DISCUSSION AT THE BENCH OUT OF THE HEARING OF THE JURY PANEL

MR. BROWN: May it please the Court. I would like to record my objection to the Court calling upon the State for comment because it is not permitted by statute, first, and, secondly, because it revealed specific information that the Jury was not properly entitled to receive relating to a matter that is not properly in evidence in the case. And I object because it is calculated to be very prejudicial to have something like that brought out in the trial of the case. So I object and ask the Court to instruct the Jury not to consider for any purpose the statement made by the juror on the voir dire by the State.

THE COURT: I will deny your request.

MR. BROWN: Your Honor, I move for a mistrial because I believe that the matter is prejudicial. And I must request a mistrial at this time.

THE COURT: I will deny your request for a mistrial.

MR. BROWN: Note my exception, please.

Appellant argues that once venireman French's prejudice against the offense of driving while intoxicated and, he argues, by extension against appellant was shown, the court erred by allowing the prosecutor to interrogate French further. In this connection, we note that appellant made no objection until after French made the comment giving rise to this appeal. Therefore, appellant has preserved nothing for appellate review concerning the court's action in permitting the State's additional examination of French, since an objection must be made at the earliest opportunity. *Marini v.*

*State,* 593 S.W.2d 709, 714 (Tex.Crim.App. 1980); *Evans v. State,* 445 S.W.2d 180, 183 (Tex.Crim.App.1969).

■ Moreover, we do not believe the court erred in allowing further exploration of French's qualifications after appellant's challenge to him for cause. At the time of the challenge, French's only statement was that he felt a prejudice concerning the *offense* of driving while intoxicated. The reasons for challenge for cause of a juror are listed in Tex.Code Crim.Pro.Ann. art. 35.16 (Vernon Pamp.Supp.1984). Among those which are included is a showing:

2. That he has been convicted of theft or any felony;

3. That he is under indictment or other legal accusation for theft or any felony;

4. That he is insane;

\* \* \* \* \* \*

9. That he has a bias or prejudice in favor of or against the defendant.

Tex.Code Crim.Pro.Ann. art. 35.19 (Vernon Pamp.Supp.1984) provides that only the enumerated causes 2, 3 and 4 in article 35.16 operate as absolute disqualifications for jury service.

■ It follows that French's statement did not reveal an absolute disqualification for jury service and the trial judge properly allowed further inquiry to determine whether or not French did have a bias which would result in his disqualification. *Neel v. State,* 658 S.W.2d 856, 857 (Tex. App.—Dallas 1983, pet. ref'd); Tex.Code Crim.Pro.Ann. arts. 35.16 and 35.19. In arguing that French's answer showed he was prejudiced as a matter of law and that the court should not have permitted any further interrogation, appellant places primary reliance upon the reasoning of the court and the authorities cited by it in *Anderson v. State,* 633 S.W.2d 851 (Tex. Crim.App.1982). Appellant quotes the statement of that court that "[w]hen a prospective juror is shown to be biased as a matter of law, he *must* be excused when challenged, even if he states that he can set his bias aside and provide a fair trial." (Emphasis in original.) *Id.* at 854. We

note that the court immediately follows the above statement with the comment, "However, it is left to the discretion of the trial court to first determine whether or not bias exists. Where the juror states he believes that he can set aside any influences he may have, and the trial court overrules a challenge for cause, *its decision will be reviewed in light of all of the answers the prospective juror gives.*" (Emphasis added.) *Id.* We think the trial court's action here in question was permissible in pursuance of its obligation to determine whether or not a bias, disqualifying him under the statute, actually existed. Our conclusion in this regard is strengthened by the general rule that the conduct of a voir dire examination rests within the sound discretion of the trial court and only an abuse of that discretion will call for reversal on appeal. *Clark v. State,* 608 S.W.2d 667, 669 (Tex.Crim.App.1980); *Abron v. State,* 523 S.W.2d 405, 408 (Tex. Crim.App.1975).

■ Moreover, and importantly, beyond his claim of harm, appellant has not shown that any of the other members of the venire were influenced to appellant's prejudice or that any other prospective juror who may have held a similar bias was forced upon him. Under these circumstances, we cannot presume error. *See Johnson v. State,* 151 Tex.Cr.R. 110, 205 S.W.2d 773, 774–75 (1947). Additionally, during oral argument of this cause, appellant's able counsel acknowledged to the court that, although not shown in the record, questions similar to those directed to French were thereafter addressed to the other prospective jurors and failed to disclose any similar prejudice.

Although caution would suggest that the trial court should have instructed the jury panel to disregard French's statement, the court did, in its charge, instruct the trial jury that:

> The defendant is presumed to be innocent and he may not be convicted of this offense unless each element of this offense is proved beyond a reasonable doubt. The fact that he has been arrested or confined, and charged by information with this offense, gives rise to no inference of guilt at his trial. The burden is upon the State of Texas to produce competent evidence sufficient to prove the defendant guilty beyond a reasonable doubt before you can find him guilty of the charge in the information, and if the State of Texas fails to prove such charge, to your satisfaction, beyond a reasonable doubt, you will acquit the defendant and say by your verdict, not guilty.

This is the functional equivalent of the requested instruction.

In arguing that the failure to give the instruction to disregard mandates reversal, appellant places primary reliance upon *Pena v. State,* 114 Tex.Cr.R. 29, 29 S.W.2d 785 (1930). In that case, which was a prosecution for a liquor law violation, the statements of the prospective jurors which were made in the presence of the entire panel were *directly* related to that appellant. One of the veniremen said he had gotten the impression that the appellant was a bootlegger, and he understood there were eight indictments pending against him. Another said that he had heard much about the appellant and had the impression that his reputation was bad, and further that he had a fixed opinion that the appellant was a bootlegger. Still another stated that he had heard that the appellant was a bootlegger and he had received this information partly from appellant's counsel, who was district attorney at the time he (the counsel) made the statement. The question on appeal was whether the trial judge should have given an instruction in his charge to the jury to disregard "the fact that other indictments may have been returned against this defendant." The court held that, under the facts there existent, the requested charge should have been given.

■ The facts in the case *sub judice* are quite different. Here, even apart from the want of appellant's demonstration of harm, *Gordy v. State,* 159 Tex.Cr.R. 390, 264 S.W.2d 103, 105 (1953); *Johnson v. State,* 205 S.W.2d at 774–75, any inference which

may have been derived from French's statement of an incident foreign to appellant's case was oblique, any effect of which was adequately dispelled by the instruction in the jury charge. Absent a contrary showing, we must presume the jury followed the trial court's instruction. *Ainsworth v. State*, 517 S.W.2d 274, 277 (Tex. Crim.App.1975).

There being no reversible error, the judgment is affirmed.